## Fred Offner, Appellee, v. Fred Wilke, Appellant.

### Gen. No. 6,459.   (Not to be reported in full.)

Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the April term, 1917. Affirmed with remittitur. Opinion filed August 7, 1917.

### Statement of the Case.

Action by Fred Offner, plaintiff, against Fred Wilke, defendant, to recover damages to plaintiff's automobile from a collision with defendant's automobile. From a judgment for plaintiff for $325, defendant appeals.

ALBERT H. KRUSEMARK, for appellant.

HJALMAR REHN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 6*—*when negligence of son of defendant and lack of contributory negligence of plaintiff are shown.* Evidence *held* sufficient to warrant a finding that defendant's son driving defendant's automobile was negligent in driving same so as to strike plaintiff's automobile after plaintiff had driven his automobile almost entirely out of the beaten or traveled track of the public road on which they were, so as to avoid defendant's approaching car, and that plaintiff was not negligent in so driving his car.

2. AUTOMOBILES AND GARAGES, § 2*—*when father is liable for negligence of son in operation of automobile.* Where defendant did not need an automobile in his business but bought and used one for his family and allowed it to be generally driven by his son, and at the time in question told his son to take the machine to the garage but the son, without his father's permission or knowledge,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

first went to another place as he was accustomed to do on such occasions, defendant was liable for his son's negligence while so running the car.

3. AUTOMOBILES AND GARAGES, § 6*—*when evidence shows that repairs to plaintiff's automobile were reasonable and necessary.* Evidence *held* sufficient to show that certain repairs to plaintiff's automobile after it was injured by a collision with defendant's automobile were reasonable and necessary repairs at the reasonable and customary prices.

4. AUTOMOBILES AND GARAGES, § 6*—*when evidence shows non-necessity of sending automobile to distant city for repairs precluding recovery of expense therefor.* Evidence *held* sufficient to show that it was not necessary for plaintiff to send his automobile, injured by a collision with defendant's automobile, to a distant city for repairs when there was a nearer competent repair shop in plaintiff's town, and he could not recover the expense of sending his car to such city, in an action to recover damages for such injuries.

5. AUTOMOBILES AND GARAGES, § 6*—*when no recovery may be had under pleadings for loss of use of automobile while being repaired.* Under a declaration claiming damages only for injuries to plaintiff's automobile from a collision with defendant's automobile, recovery cannot be had for the loss of the use of the machine while it was being repaired, although such damage was referred to in the bill of particulars.

6. PLEADING, § 328*—*what is effect of bill of particulars.* A bill of particulars may limit but not enlarge a claim set up in a declaration.

7. PLEADING, § 242*—*what does not constitute an amendment of declaration.* Leave to amend a declaration is not an amendment.

8. APPEAL AND ERROR, § 1236*—*when parties are on appeal bound by position taken in briefs.* Where both parties concede in their briefs that the rule of damages, in an action to recover damages for injuries to personal property, is the reasonable and necessary expense of repairing the property so as to restore it to its condition just before the injuries, they are bound by their position so taken.

9. AUTOMOBILES AND GARAGES, § 6*—*when statement by defendant's son is admissible as part of res gestæ in action for negligent injuries.* The statement by defendant's son, about 10 minutes after the automobile driven by him had struck plaintiff's automobile, to plaintiff a short distance from the place of the collision where defendant's automobile had been stopped by running into a post, that he did not see plaintiff coming and that he was only going 30 miles an hour, *held* properly admitted as part of *res gestæ*, in an action to recover damages for injuries to plaintiff's automobile in the collision.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.